**UNITED STATE DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LINDA J. MOLINA,** | : |
| **Plaintiff** | : CIVIL ACTION NO. 3:11-2276 |
| v. | : (JUDGE MANNION) |
| **POCONO MEDICAL CENTER,** | : |
| **Defendant** | : |
| | : |

## MEMORANDUM

Pending before the court is the defendant's amended motion for summary judgment. (Doc. No. 35). Based upon the court's review of the motion and the materials related thereto, the motion for summary judgment will be **DENIED**.

**I. FACTUAL BACKGROUND**

The plaintiff, Linda Molina, began working as a registered nurse (R.N.) at Pocono Medical Center in March 2005 and was a member of the labor union, JNESO. (Doc. No. 40, Ex. 1 at 12). The plaintiff, aside from her R.N. certification, also holds certifications in Trauma and Pediatric Advanced Life Support, as well as others. (Id.). The plaintiff suffers from an auto-immune deficiency, which by its nature, limits her body's ability to fight infection. (Doc. No. 37, at ¶8). This condition has caused the plaintiff to frequently fall ill (the plaintiff had pneumonia sixteen (16) times between 2006 and 2009), and as a result, the plaintiff has taken either vacation or medical leave a number of

times throughout her employment with the Pocono Medical Center. (Doc. No. 41, Ex. A at 44-48). On May 24, 2010, the plaintiff was exposed to a patient with methicillin-resistant *Staphylococcus aureus* (MRSA)[1], which caused her to contract MRSA pneumonia. (Doc. No. 40, Ex. 1 at 17). As a result of this illness, the plaintiff began a leave of absence under the Family Medical Leave Act (FMLA)[2] and was hospitalized for approximately nine days. (Doc. No. 40, at 2). The plaintiff's primary medical doctor, Dr. Spence, a specialist in internal medicine, wrote the plaintiff a note stating that she could return to work on June 19, 2010 if she is not exposed to infected patients. (Doc. No. 40, Ex. 5). This note was presented to the plaintiff's immediate supervisor at Pocono Medical Center on June 16, 2010. (Doc. No. 36, at 2). Due to confusion over the general nature of the note, the plaintiff's supervisor would not allow the plaintiff to return to work as a nurse. Almost immediately thereafter, the plaintiff filed an Americans with Disabilities Act (ADA) claim before the Equal Employment Opportunity Commission (EEOC) and Pennsylvania Human Rights Commission (PHRC). (Id.). Additionally, the plaintiff applied for Social

---

[1] *Staphylococcus aureus* organisms that are resistant to the antibacterial action of methicillin, a penicillinase-resistant penicillin antibiotic. Taber's Cyclopedic Medical Dictionary 1289 (19th ed. 2001).

[2] The Family and Medical Leave Act of 1993 provides in relevant part that an eligible employee is entitled to take a total of 12 work weeks of leave during a year because of a serious health condition that makes the employee unable to perform the functions of their job. 29 U.S.C.A. §2612.

2

Security Disability Insurance (SSDI), and was granted SSDI in December 2010. (Id.). In the SSDI application, the plaintiff stated, among other things, that she was "unable to work." (Id.).

The plaintiff sought further clarification regarding her ability to work from Dr. Thomas Salvaggi, a physician who is board certified by the American Academy of Allergy and Immunology and in Clinical and Laboratory Immunology. Dr. Salvaggi wrote the plaintiff a note that stated she is cleared to "return to work with specific restrictions." (Doc. No. 40, Ex. 4). Specifically, Dr. Salvaggi stated that he considered it reasonable for the plaintiff to return to work in "labor and delivery, recovery room, trauma areas, or discharging the duties of a charge nurse where her face-to-face contact with patients could be minimized." (Id.). Dr. Salvaggi further explained that he could <u>not</u> endorse the plaintiff to work in "triage where the infectious risk of a patient is unknown, or sections of the emergency department in which patients presenting with viral infections, bacterial infections, cough, fever, skin conditions, mental status changes, urinary infections or any other evidence of a communicable disease may be seen or waiting for evaluation." (Id.).

While the plaintiff was still on medical leave, the plaintiff and Pocono Medical Center began to engage in a discussion to determine a new position for the plaintiff. Though Pocono Medical Center did offer the plaintiff a position as a case manager/tumor register, the plaintiff did not want that position since it paid far less and did not have hours that could accommodate her medical

3

treatment. (Doc. No. 40, Ex. 1 at 101; Doc. No. 41, Ex. 4 at 21). Ultimately the discussions broke down, with the plaintiff claiming generally that the defendant failed to acknowledge her notes from Drs. Spence and Salvaggi, and the defendant claiming generally that the plaintiff ended the discussions and did not return to either work or the discussions. (Doc. No. 40, Ex. 1 at 97; Doc. No.41, Ex. 4 at 28).

The plaintiff contends that her medical needs can be accommodated as a nurse, and has indicated that pregnant women and an overweight older woman have received certain unwritten accommodations - such as having a chair with wheels or not having to enter sick patients' rooms. (Doc. No. 40, Ex. 2 at 106-109). The plaintiff asserts that she had previously been assigned to areas such as Charge or Minor Care, and that arrangement had worked successfully for "a long time." (Doc. No. 40, at 19). Dr. Salvaggi, in his sworn deposition, has also asserted that wearing a mask and other protective gear is an effective means for the plaintiff to avoid exposure to infection. (Doc. No. 42, Ex. A at 33-36).

## II. PROCEDURAL HISTORY

By way of relevant background, on December 7, 2011, the plaintiff initiated the instant federal question action pursuant to the Americans with Disabilities Act of 1990 ("ADA") through claims of unlawful discrimination and retaliation. (Doc. No. 1). The plaintiff has also alleged a violation of the

4

Pennsylvania Human Relations Act ("PHRA").³ (Doc. No. 1). The plaintiff filed an amended complaint on December 9, 2011. (Doc. No. 2).

The defendant filed an answer to the amended complaint on March 1, 2012. (Doc. No. 5).

On October 1, 2012, the defendant filed a motion for summary judgment with attached exhibits, (Doc. No. 22), and a supporting brief, (Doc. No. 23). On October 3, 2012, the defendant also filed a statement of facts, (Doc. No. 24).

On October 23, 2012, the plaintiff filed a response to the summary judgment motion, (Doc. No. 26), a brief in opposition to the motion, (Doc. No. 27), and an answer to the statement of facts. (Doc. No. 28).

After a series of time extensions, the defendant filed the instant amended motion for summary judgment with exhibits, (Doc. No. 35), a brief in support of the motion, (Doc. No. 36), and a statement of facts, (Doc. No. 37), on January 4, 2013.⁴ On January 16, 2013, the plaintiff filed her brief in

---

³The "analysis of an ADA claim applies equally to a PHRA claim." Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 306 (3d Cir.1999) (citing Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir.1996)). Therefore, the court will consider both claims together. Cf. Williams v. Philadelphia Hous. Auth. Police Dep't, 380 F.3d 751, 761 n.6 (3d Cir. 2004).

⁴ In the original motion for summary judgment, the defendant argued only that the plaintiff was judicially estopped from bringing the instant action based upon her filing for and receiving SSDI benefits. Defendant sought to amend its motion for summary judgment to include additional deposition

(continued...)

opposition to the amended summary judgment motion. (Doc. No. 40). On January 23, 2013, the plaintiff also filed answers to the statement of facts. (Doc. No. 41, Doc. No. 42).

### III.     SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The Supreme Court has stated that:

> ". . . [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."

---

[4](...continued)
testimony from the plaintiff and documentation from the SSA to support its position. (Doc. No. 21). In its amended motion for summary judgment the defendant has now added the argument that it had successfully raised a legitimate non-discriminatory reason for plaintiff's termination. (Doc. No. 36).

Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. Id. The moving party can discharge that burden by "showing . . . that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Issues of fact are genuine "only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988) (citations omitted). Material facts are those which will effect the outcome of the trial under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court may not weigh the evidence nor make credibility determinations. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998). In determining whether an issue of material fact exists, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the nonmoving party. Id. at 393.

If the moving party meets his initial burden, the opposing party must do more than raise some metaphysical doubt as to material facts, but must show sufficient evidence to support a jury verdict in its favor. Id.

**IV.  DISCUSSION**

In the pending motion for summary judgment, the defendant generally argues both that being granted SSDI should preclude plaintiff's ADA claims

7

through judicial estoppel,[5] and that the defendant had a legitimate non-discriminatory reason for not allowing plaintiff to return to work on June 19, 2010. Viewing the evidence in the light most favorable to the plaintiff, plaintiff's successful SSDI grant does not preclude her ADA claim. Moreover, defendant has failed to prove there is no genuine question of material fact concerning the lack of discrimination or retaliation. The court will therefore deny the motion for summary judgment on both issues presented.

## I.     *Plaintiff's SSDI claim does not preclude her ADA claim.*

The ADA prohibits discrimination against a qualified disabled individual who can perform the essential functions of their job with or without reasonable accommodation. 42 U.S.C.S. §12112(a). The ADA defines a "qualified individual with a disability" as a disabled person "who ... can perform the essential functions" of her job, including those who can only do so "with ... reasonable accommodation." §12111(8). An accommodation is generally reasonable if it does not "impose an undue hardship" on the employer's business. §12112(b)(5)(A).

SSDI, on the other hand, provides monetary assistance to disabled individuals and requires proof that an individual is unable to do her previous

---

[5] The judicial estoppel doctrine prevents a litigant from pursuing incompatible legal theories in order to gain inconsistent advantages in litigation.

work and cannot engage in any other gainful employment. 42 U.S.C.S. §423(d)(2)(A).

Defendant contends here that plaintiff's approved SSDI application illustrates that plaintiff has failed to present any evidence giving rise to a genuine question of material fact concerning her ability to perform the essential functions of her job. If plaintiff can not perform the essential functions of her job with or without reasonable accommodation, her ADA claim will fail.

Despite somewhat contradictory language, it is well established that an SSDI claim and an ADA claim "do not inherently conflict to the point where courts should apply a special negative presumption." Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 802 (1999). The Court has also held that there are "many situations in which an SSDI claim and an ADA claim can comfortably exist side by side." Id. at 803. A major reason for the possibility of the co-existence of ADA and SSDI claims is that SSDI claims do not take the possibility of reasonable accommodation into account. Id. at 803.

While an ADA plaintiff cannot ignore contradictions between SSDI and ADA claims, she may still satisfy her burden by offering a sufficient explanation as to any discrepancy. Id. at 806. When there is no discrepancy, however, there is no need for an explanation. *See* Bisker v. GGS Info. Servs., Inc., 342 Fed. App'x. 791, 794 (3d Cir. 2009)(non-precedential) (finding that

a plaintiff who did not contradict herself in her SSDI and ADA applications did not owe any explanation between the two applications). The proper focus on judicial estoppel as applied to SSDI and ADA claims is not whether there was a general claim of inability to work on the SSDI claim, but rather on the factual contradictions between the two claims. Id. at 795 (citing Opsteen v. Keller Structures, Inc., 408 F.3d. 390, 392 (7th Cir. 2005)). A general assertion in the SSDI submission that an individual is unable to work due to a disability does not therefore commit her to any position as to whether she could work if reasonably accommodated. Bisker, 342 Fed. App'x. at 795 (citing Turner v. Hershey Chocolate USA, 440 F.3d 604, 609-10 (3d Cir. 2006)). Ultimately, to defeat summary judgment, a plaintiff's explanation of any contradiction between SSDI and ADA claims must enable a reasonable juror to conclude that assuming the SSDI claim was in good faith, the plaintiff could still perform the essential functions of the job with or without reasonable accommodation. Cleveland, 526 U.S. at 807.

In this matter, plaintiff has both stated her case consistently and produced sufficient evidence to convince a reasonable juror that she could still perform the essential functions of her job with reasonable accommodation.

The Turner court found that statements made on an SSDI application must be inferred to include the language of "without reasonable

accommodation." Turner, 440 F.3d at 609. In this case, any general statements by the plaintiff such as "[m]y physician and immunologist did not want me to go back to work", should be inferred to mean that they did not want her to go back to work *without reasonable accommodations*. (Doc. No. 35, Ex. 2 at 14); Turner, 440 F.3d at 609 (emphasis added). Aside from general claims of inability to work, plaintiff has provided the same information on her SSDI application that she provided in her complaint regarding her condition and ability to work. *Compare* (Doc. No. 35, Ex. B) *with* (Doc. No. 27, Ex. C) (noting the same fact pattern barring general and vague statements of inability to work). Plaintiff, therefore, has not contradicted her ADA claim with her factual representations in her SSDI claim.

Plaintiff has also presented sufficient evidence to convince a reasonable juror that she can perform the essential functions of her job with reasonable accommodations. Plaintiff has put forward evidence of specific and potentially reasonable accommodations that could enable her to perform the essential functions of an E.R. nurse while ensuring her safety. Plaintiff, for example, presented evidence that she could possibly work in certain areas of the E.R. if she wears a mask and takes other basic precautions. Such precautions could enable her to perform the essential functions of a E.R. nurse. (Doc. No. 42, Ex. A at 33-36). Contrary to defendant's broad assertions that plaintiff is forbidden from working as a nurse by her doctor, there is evidence on the

record that plaintiff is authorized by Drs. Spence and Salvaggi to work as a nurse in specified areas. (Doc. No. 40, Ex. A-3). While the defendant contends otherwise, it has not convinced the court that plaintiff's SSDI and ADA claims are incompatible such that judicial estoppel applies. As such, summary judgment is not warranted on this basis.

### *ii.* *There are genuine questions of material fact whether defendant had a legitimate non-discriminatory interest in not returning plaintiff to work on June 19, 2010.*

Defendant contends in its motion for summary judgment that plaintiff was not allowed to return to work on June 19, 2010 because it "clearly was not safe for her to return to work." Such a statement is conclusory at best. Defendant's "bald assertion" that plaintiff can not safely return to work is not supported by sufficient evidentiary or legal analysis. *See* Evancho v.Fisher, 424 F.3d 347, 354 (3d Cir. 2005) (finding that the court does not need to accept unsupported claims in a motion to dismiss). Since the court is not required to credit such assertions in a motion to dismiss, there is no reason why this court should credit this assertion in light of defendant's burden of proof for its motion for summary judgment. Id.

Assuming the defendant had properly supported its argument, the court must then apply the proper burden shifting analysis. In this matter, plaintiff alleges both retaliation and discrimination under the ADA. While the burden shifting analyses for these claims are quite similar, the court will apply the

correct standard to each in turn. The defendant's bald allegation that plaintiff was not allowed to return to work because it was clearly not safe fails on both counts.

***a. Defendant has failed to prove that no reasonable juror could find its allegedly legitimate reason non-pretextual in light of plaintiff's discrimination claim.***

When the employer puts forward an allegedly legitimate and non-discriminatory reason for the employee's termination, the court must apply the analytical framework from the Supreme Court's opinion in [McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973).](#) [Matczak v. Frankford Candy and Chocolate Co., 136 F.3d 933, 938 (3d Cir.1997).](#) Under this analysis, the employee must first prove "a prima facie case of discrimination." Id. (citing [Newman v. GHA Osteopathic, Inc., 60 F.3d 153, 156 n.3 (3d Cir. 1995))](#). If the employee presents a prima facie case, the employer must "articulate some legitimate, nondiscriminatory reason for the employee's [termination]." [Matczak, 136 F.3d at 938](#) (citing [McDonnell Douglas, 411 U.S. at 802)](#). Finally, if the employer states such a reason, the employee must prove that the provided reason "was in fact pretext." Id. at 804.

In order for a plaintiff to establish a prima facie case of discrimination under the ADA, the plaintiff must show: "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the

13

employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." Taylor v. Phoenixville School Dist., 184 F.3d 296, 306 (3d Cir. 1999) (citing Gaul v. Lucent Technologies, 134 F.3d 576, 580 (3d Cir. 1998)). Discrimination under the ADA includes not only adverse actions motivated by prejudice and fear of disabilities, but also includes failing to make reasonable accommodations for a plaintiff's disabilities. Taylor, 184 F.3d at 306. An accommodation is reasonable if it does not "impose an undue hardship" on the employer's business. 42 U.S.C.S. §12112(b)(5)(A).

A fair reading of both parties' briefs suggest that there is no serious dispute over whether plaintiff is disabled, but rather whether she is able to perform the essential functions of her job with reasonable accommodations and if the employment decision was discriminatory in nature.

Plaintiff has produced ample evidence that she can perform the essential functions of her job with reasonable accommodations. Plaintiff has safely worked in a number of sections of the E.R. for many years, and she has indicated that wearing protective gear has prevented her from becoming sick. (Doc. No. 40, Ex. A-1 at 11, 17, 78, 93-94). Two doctors have also endorsed her return to specific areas of the E.R. (Doc. No. 40, Ex. A-1 at 75, 82-83). Such evidence presents a prima facie case that plaintiff can perform the essential functions of her job with reasonable accommodation.

Plaintiff has also provided prima facie evidence that defendant has

failed to provide reasonable accommodations, and therefore made an "adverse employment decision as a result of discrimination" under the terms of the ADA. Taylor, 184 F.3d at 306. The plaintiff claims that she can continue to work in certain sections of the E.R., which is an accommodation that defendant declined. (Doc. No. 40 at 15-17). The plaintiff has also asserted that the defendant managed to make similar accommodations for pregnant, elderly, and overweight nurses. (Doc. No. 40, Ex. A-2 at 106-109). Defendant has failed to describe how such an accommodation for the plaintiff may be unreasonable or "impose an undue hardship" on the employer, especially in light of the fact that it may have accommodated others. 42 U.S.C.S. §12112(b)(5)(A).

Since plaintiff has provided a prima facie case for discrimination under the ADA, the defendant must then provide a legitimate and non-discriminatory reason for employee's termination. McDonnell Douglas, 411 U.S. at 802. Defendant's contends in its motion for summary judgment that plaintiff was not allowed to return to work on June 19, 2010 because it "clearly was not safe for her to return to work." Defendant claims it has satisfied this "relatively light burden" by pointing out that plaintiff has many serious illnesses, and that her SSDI Disability Report indicates that she has a severe risk of infection if she returns to work. Fuentes v. Perksie, 32 F.3d 759,763 (3d Cir. 1994); (Doc. No. 36, at 9, 10). The court agrees that a genuine concern for the

15

plaintiff's safety could be a legitimate non-discriminatory reason for the defendant's actions.

Even with this, however, the evidence viewed most favorably to the plaintiff still establishes that such a reason may very well be pretext for discrimination. To defeat summary judgment when the defendant answers the plaintiff's prima facie case with legitimate and non-discriminatory reasons for its action, the plaintiff must point to evidence, either direct or indirect, from which a reasonable factfinder could either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. Fuentes, 32 F.3d 759,764. If the plaintiff has pointed to evidence sufficient to discredit the defendant's proffered reasons, the plaintiff does not need to come forward with additional evidence of discrimination beyond her prima facie case to survive summary judgment. Id.

It is not enough to show that the employer's decision was wrong or mistaken, the employee must prove that a "discriminatory animus" motivated the employer. Id. at 765. To do this, the plaintiff must demonstrate such weaknesses or incoherence in the employer's proffered reasons for its action that a reasonable factfinder could rationally find them unbelievable and infer that the employer did not act for its asserted reasons. Id.

In this matter, the plaintiff has met this "difficult burden." Id. As

previously stated, plaintiff has safely worked in a number of sections of the E.R. for many years with her current illness. (Doc. No. 40, Ex. A-1). She has also indicated that wearing protective gear has prevented her and can continue to prevent her from becoming sick.(Doc. No. 40, Ex. A-1 at 78, 93). Two doctors have also endorsed her return to specific areas of the E.R. (Doc. No. 40, Exs. A-1, A-2). Such evidence, viewed most favorably to the plaintiff, could allow a reasonable factfinder to disbelieve that it was "clearly not safe" for plaintiff to return to work, and instead find that defendant did not want to make reasonable accommodations for plaintiff's illness.

While the exact ability of the defendant to shield plaintiff from foreseeable harm through reasonable accommodations remains unseen, there is nonetheless a genuine question of material fact whether plaintiff could safely perform the essential functions of her job with reasonable accommodations. As such, summary judgment is also not warranted on this issue.

***b. Defendant has failed to prove that no reasonable juror could find its allegedly legitimate reason non-pretextual in light of plaintiff's retaliation claim.***

In order to raise a prima facie case of retaliation under the ADA, the plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the protected activity and the

employer's adverse action. Krouse v. American Sterilizer Co., 126 F.3d 494,500 (3d Cir. 1997) (citing Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir. 1997).

ADA retaliation claims are analyzed under either a "pretext" or "mixed motive" analysis. Krouse, 126 F.3d at 500 (citing Woodson, 109 F.3d at 920). Here, plaintiff is alleging that defendant's claimed concern for plaintiff's safety serves as pretext for a retaliatory action based on plaintiff's request for accommodation and FMLA leave. Under the pretext analysis, if plaintiff successfully raises a prima facie case of retaliation, the burden shifts to the defendant to articulate a legitimate and non-retaliatory reason for its adverse employment decision. Krouse, 126 F.3d at 500 (citing Woodson, 109 F.3d at 920 n.2). Finally, if the employer satisfies this "relatively light" burden, the plaintiff must then prove that the employer's proffered reason was false and that retaliation was the real reason for the employer's action. Krouse, 126 F.3d at 501 (citing Woodson, 109 F.3d at 920 n.2). The plaintiff must also prove that a "retaliatory animus" played a role in the employer's decision making process and that it had a determinative effect on the outcome of the process. Krouse, 126 F.3d at 501(citing Woodson, 109 F.3d at 931-35).

Ultimately, to defeat summary judgment, the employer must prove that the trier of fact could not conclude that retaliatory animus played a role in the employer's decision making process and that it was material to the outcome

of the process. Krouse, 126 F.3d at 501. The employer may accomplish this by establishing the plaintiff's inability to raise a genuine issue of material fact as to either an element of plaintiff's prima facie retaliation case or whether the employer's explanation was a pretext for retaliation. Id.

Plaintiff has raised a successful prima facie case for retaliation. It is not disputed that plaintiff engaged in protected activity by seeking accommodations and FMLA leave, and it is not disputed she was subject to the adverse action of not being allowed to return to work. (Doc. No. 40, at 13). A reasonable juror could also find a causal connection between plaintiff's requests for accommodation and FMLA leave and her termination. Additionally, a reasonable juror could conclude that the defendant merely wanted to terminate an employee who frequently took medical and vacation leave for her illnesses.

As stated under the discrimination analysis,[6] defendant has likewise failed to prove that no reasonable juror could find a lack of pretext in its reasoning. A reasonable juror could easily believe, given the evidence that plaintiff could safely return to work, that defendant simply wanted to retaliate against plaintiff for taking time off of work and creating difficulties for its Human Resources Department.

Since defendant has failed to prove that no reasonable juror could find

---

[6]*supra* at 12.

all of the prima facie elements of a retaliation claim and that its proffered reasons were not pretext for a retaliatory animus, defendant has failed to carry its burden concerning the retaliation claim.

## V. CONCLUSION

In light of the foregoing, the defendant's motion for summary judgment will be **DENIED**. An appropriate order shall issue reflecting the ruling of the court.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Date: August 26, 2013

O:\Mannion\shared\MEMORANDA - DJ\2011 MEMORANDA\11-2276-01.wpd